Filed 5/21/26  P. v. Bryant CA4/1

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D086409 |
| Plaintiff and Respondent, | (Super. Ct. No. SCD305750) |
| v. | |
| DONALD DENNIS BRYANT, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Steven E. Stone, Judge.  Affirmed.

Chambers Law Firm and Dan E. Chambers, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Donald Dennis Bryant appeals the judgment sentencing him to prison for four years after he pled guilty to a drug offense, was granted probation, and violated the conditions of probation.  His appointed counsel filed a brief in which he raised no claims of error and invited us to review the record independently for error.  (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)

We have done so and found no error requiring reversal or modification of the judgment. We therefore affirm.

BACKGROUND

Bryant pled guilty to selling a controlled substance (cocaine base) without a prescription. (Health & Saf. Code, § 11352, subd. (a).) The trial court imposed the stipulated prison term of four years, suspended execution, and placed him on formal probation for two years. Probation condition No. 6.i. required Bryant to report to probation within 72 hours of release from custody and on the first day of each month thereafter. Condition No. 14.b. required him to stay out of the area in downtown San Diego where he sold the cocaine base except to pick up mail.

Approximately two months after Bryant was granted probation, San Diego Police Officer Zackary Richardson spotted Bryant in the prohibited area. Based on a hand-to-hand exchange Richardson observed between Bryant and another person, Richardson believed Bryant was engaged in a drug transaction. Richardson spoke to Bryant and, after learning he was on probation, contacted his probation officer. The probation officer informed Richardson that Bryant was not allowed to be in the area and had a Fourth Amendment waiver. Richardson searched Bryant, found no mail, and arrested him for violating the conditions of probation.

At a probation revocation hearing, Richardson testified about the circumstances of Bryant's arrest, as summarized in the previous paragraph. Bryant's probation officer testified that Bryant reported to probation within 72 hours after release from custody but did not thereafter report. Bryant testified that when he was arrested, he was in the area in which probation condition No. 14.b. forbade him to remain but did not engage in any drug transaction. He said he was on his way to pick up mail when he encountered

2

a friend who gave him two dollars to buy a soda. Bryant admitted he did not report to probation as required.

The trial court found Bryant violated the terms of probation by failing to report to probation as required by condition No. 6.i. and by entering and remaining in the area out of which condition No. 14.b. required him to stay. The court revoked probation and ordered execution of the previously suspended four-year prison term.

## DISCUSSION

Bryant's appointed counsel filed a brief in which he summarized the facts and proceedings, raised no claims of error, and asked us independently to review the record for error. (See *Wende, supra*, 25 Cal.3d at p. 441 [appellate court must "conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues"].) Counsel and this court advised Bryant that he could file a supplemental brief. (See *Anders v. California* (1967) 386 U.S. 738, 744 [when counsel raises no claims of error, defendant must be given time "to raise any points that he chooses"]; *People v. Kelly* (2006) 40 Cal.4th 106, 120 [*Anders* and *Wende* "recognize the defendant's right in a *Wende* appeal to file supplemental contentions"].) He has not done so.

We have reviewed the record, as required by *Wende, supra*, 25 Cal.3d 436, and determined there are no grounds for reversal or modification of the judgment. We also have determined Bryant received competent representation on appeal.

## DISPOSITION

The judgment is affirmed.


IRION, Acting P. J.

WE CONCUR:


CASTILLO, J.


RUBIN, J.